UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Joel Smith and Daniel Shoemaker as Trustees of the Minnesota Laborers Pension Fund and their successors,<br><br>    Plaintiffs,<br><br>vs.<br><br>Todd M. Schmidt d/b/a T.M. Schmidt Construction and T.M. Schmidt Construction Inc.,<br><br>    Defendants. | Case No. _____<br><br><br><br>**COMPLAINT** |

_____

Plaintiffs, for their Complaint against Defendants, state and allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this action under Sections 502(a)(3) and 4301(a) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1451(a), to enforce the provisions of an employee benefits plan and to collect withdrawal liability, liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

2. The Fund re-alleges and incorporates by reference paragraph 1 herein.

3. This Court has jurisdiction over this action pursuant to Sections 502 and 4301 of ERISA, 29 U.S.C. §§ 1132 and 1451.

4. Venue is proper in this Court pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), because the Minnesota Laborers Pension Fund ("Fund") is administered in the District of Minnesota at 2520 Pilot Knob Road, Suite 325, Mendota Heights, MN 55120.

## IDENTITY OF THE PARTIES

5. The Fund re-alleges and incorporates by reference paragraphs 1-4 herein.

6. The Fund is a Taft-Hartley trust fund with trustees equally represented by labor organizations affiliated with the Laborers' District Council of Minnesota and North Dakota and employers that contribute to the Fund. The Fund is established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5).

7. The Board of Trustees of the Fund is the plan sponsor of the Fund, which is an employee pension benefit plan within the meaning of Section 3(2) and (3) of ERISA, 29 U.S.C. § 1002(2) and (3), and a defined benefit plan within the meaning of Section 3(35) of ERISA, 29 U.S.C. § 1002(35). The Fund is established and maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries.

8. The Fund is a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37), and is authorized to commence this action under Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).

9. Plaintiffs Joel Smith and Daniel Shoemaker are Trustees and fiduciaries of the Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

10. Defendant T.M. Schmidt Construction Inc. ("T.M. Schmidt") was a Minnesota business corporation with a registered address of 5990 Meadowlark Lane, Prior Lake, Minnesota 55372. On February 20, 2020, Defendant T.M. Schmidt was administratively dissolved by the Minnesota Secretary of State. Defendant T.M. Schmidt is an employer within the meaning of Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. § 1002(5), (11), and (12), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

11. Defendant Todd M. Schmidt ("Schmidt") is an individual and the Chief Executive Officer of T.M. Schmidt Construction Inc. After its withdrawal and dissolution, Defendant Schmidt continued to conduct business under the name T.M. Schmidt Construction. Defendant Schmidt has an address of 5990 Meadowlark Lane, Prior Lake, Minnesota 55372. Defendant Schmidt is an employer within the meaning of Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. § 1002(5), (11), and (12), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

12. As a result of the dissolution of Defendant T.M. Schmidt, Defendant Schmidt lost the liability shield afforded to business entities and became a member of T.M. Schmidt's controlled-group. Accordingly, Defendant Schmidt is personally liable for the debts of T.M. Schmidt and any members of Defendants' controlled-group.

## **FACTS**

13. The Fund re-alleges and incorporates by reference paragraphs 1-12 herein.

14. On December 20, 2001, Defendants first became bound to a collective bargaining agreement that required contributions to the Fund on behalf of their employees performing covered work.

15. At all times relevant herein, Defendants or members of their controlled-group were bound to the terms of collective bargaining agreements negotiated between the Highway, Railroad and Heavy Construction Division of Associated General Contractors of Minnesota and the Laborers District Council of Minnesota and North Dakota on behalf of its affiliated local Unions ("CBA").

16. During the Plan Year ending December 31, 2017, Defendants withdrew from the Minnesota Laborer's Pension Fund ("Fund") when they ceased to have an obligation to contribute under the plan but thereafter continued to perform work in the jurisdiction of the CBA of the type for which contributions were previously required. As such, Defendants permanently ceased to have an obligation to contribute to the Fund.

17. On November 7, 2019, the Fund sent Defendants an assessment of withdrawal liability by certified mail. Defendants received the assessment of withdrawal liability.

18. Pursuant to the assessment of withdrawal liability, Defendants were assessed withdrawal liability in the amount of $537,829.00 to be paid in 80 quarterly installments of $9,511.00, inclusive of statutory interest, commencing on January 6, 2020.

19. Defendants did not respond to the assessment of withdrawal liability and did not submit any quarterly payments.

20. On January 13, 2020, the Fund notified Defendants that they were in default of their payment of withdrawal liability and that the Fund would exercise its right to demand immediate payment of the entire amount due for withdrawal liability unless the default was cured within the next sixty days.

21. Defendants failed to cure the default within sixty days, and to date, have not submitted any payments to the Fund for withdrawal liability, nor have Defendants requested or initiated arbitration.

## COUNT I
## WITHDRAWAL LIABLITY

22. The Fund re-alleges and incorporates by reference paragraphs 1-21 herein.

23. The permanent cessation of Defendants obligation to contribute to the Fund constituted a complete withdrawal from the Fund as defined by Section 4203(a)(1) of ERISA, 29 U.S.C. § 1383(a)(1).

24. By completely withdrawing from the Fund, Defendants incurred withdrawal liability to the Fund pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381.

25. As a result of Defendants failure to cure their default with respect to their quarterly payments, pursuant to ERISA Section 4219(c)(5), 29 U.S.C. § 1399, $537,829.00 is now due and owing to the Fund.

26. Defendants failed to initiate an arbitration proceeding within the time required by ERISA Section 4221, 29 U.S.C. § 1401.

## COUNT II
## Interest, Attorney Fees and Costs, and Liquidated Damages

27.     The Fund re-alleges and incorporates by reference paragraphs 1-26 herein.

28.     ERISA §4301(b), 29 U.S.C. §1451(b) provides that any failure of an employer to pay withdrawal liability or to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution within the meaning of ERISA §515, 29 U.S.C. §1145.

29.     As such, the Fund is entitled to an award of liquidated damages in the amount of ten percent of the unpaid withdrawal liability and interest on the unpaid withdrawal liability or double interest, and attorneys' fees and costs incurred herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request judgment in favor of the Plaintiffs and against Defendants Todd M. Schmidt d/b/a T.M. Schmidt Construction and T.M. Schmidt Construction Inc., joint and several, as follows:

1.     A judgment in the amount of $537,829.00 less any payments made by Defendants as and for Defendants' withdrawal liability.

2.     For judgment for the liquidated damages and interest charges attributable to the withdrawal liability or for double interest.

3.     For an award of costs, disbursements and attorneys' fees.

4.     For such other and future relief as the Court deems proper.

Dated:  July 15, 2020              McGRANN SHEA CARNIVAL STRAUGHN
                                                                            & LAMB, CHARTERED


By   s/ Amy L. Court
     Carl S. Wosmek (Atty. No. 300731)
     Amy L. Court (Atty. No. 319004)
     Christy E. Lawrie (Atty. No. 388832)
800 Nicollet Mall, Suite 2600
Minneapolis, MN  55402
Telephone:  (612) 338-2525
csw@mcgrannshea.com
alc@mcgannshea.com
cel@mcgrannshea.com

*Attorneys for Plaintiffs*

1252553.DOCX